UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LOIS JAMES,

                              Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    06-CV-6015L

                         v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

                              Defendant.
_____

       Pending before the Court is a motion by plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #5). Pursuant to a contingent fee agreement with plaintiff providing for attorneys fees in the amount of 25% of any award recovered by plaintiff, plaintiff's counsel, William J. McDonald, Jr., seeks fees in the amount of $3,032.50, which constitutes slightly less than the balance of 25% of the past due benefits awarded to plaintiff, minus $5,300.00 already received by McDonald from the SSA as an attorney's fee for services performed at the administrative level.

       By Consent Order dated and entered May 11, 2006 (Dkt. #4), this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act (EAJA), 28 USC §2412(d) in the amount of $280.00, plus $250.00 costs, for a total of $530.00. Pursuant to the terms of the Consent

---

[1] Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Order, McDonald's application also requests that, in the event the instant application is granted, the Court order the payment of the EAJA attorney fee award to plaintiff.

In assessing the reasonableness of the proposed fee, the Court considers the deference owed to the plaintiff's fee agreement, the interest in assuring future representation for disability claimants, and whether the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

The Commissioner opposes the amount of the fee requested, arguing that enforcement of the plaintiff's contingent-fee agreement would amount to a windfall for McDonald, since he allegedly spent only 1.75 hours of time performing "court work" on the case.

The amount of time expended by counsel is, however, one of several factors to be evaluated. As the Court has previously stated:

> Although there is no clear set of criteria for determining when an award would result in a windfall, . . . certain factors which should be considered . . . include (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-457 (W.D.N.Y. 2005).

Despite the fact that McDonald's results were achieved in very short order and with very little effort before the Court, I find that the amount of the requested fee is reasonable in light of the other relevant factors. *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn*, 389 F. Supp.2d 454. The efficiency with which the case was resolved is attributable, at least in part, to McDonald's undisputedly significant experience – nearly thirty years – litigating Social Security

matters, as well as his familiarity with the facts and issues presented by this case, gained through the expenditure of ample attorney time at the administrative level. The results of his efforts here, however brief, were a significant award to plaintiff – $33,330.00 for past-due benefits that date back to August 1, 2002.

Furthermore, the net attorney fee received by McDonald with the granting of the instant application is $8,052.50 ($5,300.00 previously awarded for administrative services, plus $2,752.50 net attorney fees for work at the federal court level), just less than the twenty-five percent of past-due benefits to which McDonald is entitled pursuant to his contingency fee agreement with plaintiff. The Commissioner has withheld the requisite amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #5, Exhs. 4, 10).

CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #5) in the amount of $3,032.50 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff. McDonald is ordered to refund to the plaintiff $280.00, the amount of previously-awarded EAJA fees.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 2, 2008.